UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-CV-130-TBR-LLK

DAVID T. JOHNSON,                                                                                          PLAINTIFF

v.

CC METALS & ALLOYS, LLC,                                                                           DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant CC Metals & Alloys, LLC's Motion for Attorney's Fees and Nontaxable Expenses. [DN 46]. Plaintiff David T. Johnson responded, [DN 47], and Defendant replied, [DN 48]. This matter is ripe for adjudication. For the reasons set forth herein, Defendant's Motion for Attorney's Fees and Nontaxable Expenses, [DN 46], is DENIED.

### BACKGROUND

On August 26, 2018, Plaintiff filed the current action against his former employer, CC Metals & Alloys ("CCMA"), alleging sex discrimination under Title VII and the Kentucky Civil Rights Act. [DN 1]. Plaintiff claimed he was subjected to sexual harassment under a sex stereotyping theory. However, the Court found that Plaintiff failed to present sufficient evidence that sex stereotyping formed the basis of the alleged harassment and granted Defendant's Motion for Summary Judgment. [DN 41]. Defendant then filed the current motion for attorney's fees and expenses arguing that Plaintiff's "claims were both factually and legally frivolous, and Plaintiff continued to pursue these claims in bad faith after it was obvious that they were meritless." [DN 46 at 610].

### LEGAL STANDARD

"An award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986). "In *Christiansburg Garment Co. v. EEOC*, the Supreme Court held that attorney fees should not be assessed against a civil-rights plaintiff unless the action is 'frivolous, unreasonable, or groundless, or the plaintiff continued to litigate after it clearly became so.'" *Bagi v. City of Parma*, No. 18-3793, 2019 WL 5806890, at *4 (6th Cir. Nov. 7, 2019) (quoting 434 U.S. 412, 421 (1978)). "Application of these standards requires examining a plaintiff's basis for filing suit, and awards to prevailing defendants depend on the factual circumstances of each case." *Id.* (citing *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985)). "Although a finding that a plaintiff brought a claim in bad faith will warrant an award of attorney fees, an action may be frivolous, unreasonable, or without foundation even if brought in good faith." *Id.* (citing *Christiansburg,* 434 U.S. at 421). However, the Supreme Court cautioned courts to "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421.

The Sixth Circuit, when analyzing whether a district court has abused its discretion by awarding attorney's fees and costs to a prevailing defendant, considers the following factors: "(1) whether plaintiff presented sufficient evidence to establish a prima facie case; (2) whether defendant offered to settle the case; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *EEOC v. Peoplemark, Inc.*, 732 F.3d 584, 591 (6th Cir. 2013) (quoting *Balmer v. HCA, Inc.*, 423 F.3d 606, 615–16 (6th Cir. 2005)). "Notably, however, mere failure to establish a prima facie case, by itself, is not dispositive." *Harper v. City of*

*Cleveland*, No. 1:16-CV-2972, 2020 WL 127683, at *2 (N.D. Ohio Jan. 10, 2020) (citing *Garner v. Cuyahoga Cty. Juvenile Court*, 554 F.3d 624, 637 (6th Cir. 2009)).

## DISCUSSION

In this case, Defendant argues (1) Plaintiff's sex discrimination claims were brought in bad faith because he failed to participate in CCMA's investigation of the lunchroom incident, and actively disrupted it by ignoring the HR director's phone calls, quitting his position, and destroying his cell phone; (2) Plaintiff's claims were factually frivolous because he had "zero facts" to support a sex-stereotyping claim; and (3) Plaintiff's claims were legally frivolous because Sixth Circuit precedent holds that Title VII does not encompass claims of sexual orientation discrimination. [DN 46]. In response, Plaintiff argues his sex-stereotyping claim was a plausible, good faith claim supported by the fact that his co-workers questioned his appearance and lifestyle choices. [DN 47 at 632].

First, the Court notes that Defendant did not offer to settle the case. *See Peoplemark*, 732 F.3d at 591. Second, the suit was dismissed at the summary judgment stage, prior to "a full-blown trial on the merits." *Id.* Although Plaintiff failed to present sufficient evidence to establish a prima facie case of discrimination, his claims were not wholly without support and nor did he continue to litigate after it clearly became so. Plaintiff submitted evidence that his co-workers made comments about the type of car he drove, the clothes he wore, and the fact that he did not hunt. Additionally, co-workers repeatedly wrote homophobic slurs next to Plaintiff's name on an overtime sign-up sheet, and one co-worker shouted sexually-explicit comments at Plaintiff in a crowded lunchroom. Plaintiff attempted to frame these incidents as evidence of discrimination

3

under a sex-stereotyping theory, a viable cause of action in the Sixth Circuit. However, upon review, the Court concluded that the comments and slurs directed toward Plaintiff were better characterized as sexual orientation discrimination, and thus, not actionable in this Circuit.

The fact that Plaintiff presented some plausible evidence in support of his claim distinguishes this case from those cited by Defendant. For example, in *E.E.O.C. v. Peoplemark*, the EEOC filed a complaint against Peoplemark, alleging that it had a "blanket, companywide policy of denying employment opportunities to persons with felony records," which had a disparate impact on African Americans. *Peoplemark*, 732 F.3d at 587. During the course of discovery, the EEOC learned that Peoplemark, did not in fact have such a policy. *Id.* at 591–92. Thus, the Sixth Circuit found, "it was unreasonable to continue to litigate the Commission's pleaded claim because the claim was based on a companywide policy that did not exist." *Id.* at 592. Similarly, in *E.E.O.C. v. E.J. Sacco*, Inc., attorney's fees and costs were assessed against the EEOC when "[d]espite taking more than five months to conduct a thorough investigation of the charges, and despite there being *not a shred of evidence* of racial animus, disparate treatment, or unjustified adverse employment action, the EEOC initiated formal legal action against the defendant." 102 F. Supp. 2d 413, 419 (E.D. Mich. 2000) (emphasis added); *see also Harper*, 2020 WL 127683, at *6 (attorney's fees and costs assessed against plaintiff who claimed he was targeted for discipline due to First Amendment activities that occurred six years earlier, "knowing full well that he had been legitimately disciplined as a consequence" of sleeping on the job at an airport).

In contrast to these cases, Plaintiff put forth actual evidence to support his sex-stereotyping claim. While the Court ultimately concluded that the alleged harassment was more accurately based on Plaintiff's perceived sexual orientation, it noted that the comments regarding Plaintiff's

4

car, clothing, and lack of interest in hunting were "arguably based on gender non-conforming behavior." [DN 41 at 547]. Defendant argues that Plaintiff's claim became unreasonable during discovery when he testified that his co-workers' comments did not form the basis of his complaint and he was confronted with inappropriate photographs he had taken of his co-workers. [DN 46 at 612]. Although Plaintiff's testimony certainly weakened his case, the Court finds that Plaintiff's claims remained more tenable than the cases cited above in which the EEOC proceeded to litigate suits without "a shred of evidence." *See Sacco*, 102 F. Supp. 2d at 419. Additionally, the fact that Plaintiff engaged in "horseplay" at work did not make his harassment claims untenable. Moreover, the Court notes that caselaw regarding sexual orientation discrimination is still developing, *See, e.g., EEOC v. R.G.*, 884 F.3d 560, 571-72 (6th Cir. 2018) *cert. granted*, 139 S. Ct. 1599, 203 L. Ed. 2d 754 (2019), and at times the line between harassment based on sex-stereotyping and harassment based on sexual orientation is unclear. Thus, the Court declines to rule that Plaintiff's claims were so unreasonable that "extreme sanction[s]" are warranted. *Jones*, 789 F.2d at 1232.

Finally, the lawsuit was not filed in bad faith because there is insufficient evidence that Plaintiff "knew or should have known that the claims were meritless, and that the claims were pursued for an improper purpose." *Jones v. Smith-McKenney Co.*, No. CIV.A. 305CV62JMH, 2006 WL 1206368, at *5 (E.D. Ky. Apr. 28, 2006) (quoting *Big Yank Corp. v. Liberty Mut. Fire. Ins. Co.,* 125 F.3d 308, 314 (6th Cir. 1997)). Plaintiff's failure to fully participate in CCMA's internal investigation into the lunchroom comment and resignation of his position does not constitute bad faith. Moreover, although the Court certainly does not condone Plaintiff's decision to dispose of his cell phone during the course of discovery, Defendant was still able to acquire

messages illustrating the extent to which he exchanged inappropriate photographs with his co-workers. Thus, under these circumstances, the Court finds that Plaintiff's actions do not constitute "truly egregious" misconduct such that "extreme sanction[s]" are appropriate. *Jones*, 789 F.2d at 1232.

## CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED**: Defendant's Motion for Attorney's Fees and Nontaxable Expenses, [DN 46], is **DENIED**.

**IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 2, 2020

CC: Attorneys of Record